IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES A. COUTTS, | ) | |
| | ) | |
| Petitioner, | ) | 8:19CV218 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, MICHELLE CAPPS, Warden, KEARNEY COUNTY SHERIFF'S DEPARTMENT, SCOTT WHITE, Sheriff, CORY ZIOLA, Deputy Sheriff, SHANE MONTHEY, Deputy Sheriff, JUSTIN GLANZER, Deputy Sheriff, and THOMAS G. LIESKE, Attorney, | ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |

This matter is before me for initial review. Nominally, this appears to be a habeas corpus matter filed by a convicted state prisoner who is now in the custody of the Nebraska Department of Corrections, although part of the petition also includes the form for filing suit for violation of the civil rights of a prisoner apparently against county officials and a lawyer.

The filing is not on the official habeas corpus form and it does not comply with Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Therefore, I will deny and dismiss the petition, but give the petitioner an opportunity to file another petition using the proper form. I also advise the petitioner that if he is attacking more than one judgment of conviction, he must file separate petitions for habeas corpus in two separate cases as required by Rule 2(e) of the foregoing rules.

Petitioner may also be confused about what type of lawsuit he wishes to commence. If he wishes to file a claim for money or injunctive and declaratory relief, he must file a separate suit using the official form for filing a complaint for violation of civil rights by a prisoner. Petitioner may not file a complaint for violation of civil rights and a petition for writ of habeas corpus in the same case.

IT IS ORDERED that:

1. The petition (filing no. 1) (including the attachment) is denied and dismissed without prejudice. The motions (filing no. 4, filing no. 5 and filing no. 6) are denied.

2. The petitioner shall have until July 8, 2019, to file a new petition using the official form. The petitioner is advised that the Clerk must be in receipt of the new petition by the foregoing date, as I have taken into account the prison mail box rule when setting this deadline. If a proper petition is not filed by that date, this entire matter may be dismissed without prejudice and without further notice.

3. The Clerk shall mail to the petitioner a copy of this Memorandum and Order and two copies of the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus and one copy of the Complaint for Violation of Civil Rights (Prisoner).

4. My chambers shall call this matter to my attention on July 9, 2019.

DATED this 5th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge